Opinion
GRIGNON, J.
Appellant and defendant Arthur Newman appeals from his conviction following a jury trial of submitting a false or fraudulent claim for payment of a loss (Ins. Code, § 556, subd. (a)(1))[1] and preparing, making, or subscribing a writing in support of a false or fraudulent claim for payment of a loss (Ins. Code, § 556, subd. (a)(4)).[2] Appellant contends that there was insufficient evidence to support his conviction. We conclude that the evidence was insufficient to support appellant’s conviction because a claim for payment for contractual services rendered to a health maintenance organization is not a claim for payment of a loss within the meaning of Insurance Code section 556. We reverse.
*386 Procedural History
In a three-count information, appellant was charged with grand theft by embezzlement (count I), submitting a false or fraudulent claim for payment of a loss (count II), and preparing, making, or subscribing a writing in support of a false or fraudulent claim for payment of a loss (count III). Appellant pled not guilty. Appellant’s motion to dismiss pursuant to Penal Code section 995 was granted as to the grand theft charge. Trial was by jury as to counts II and III. Appellant’s motion for acquittal pursuant to Penal Code section 1118.1 was denied at the close of the prosecution’s case-in-chief. Appellant was found guilty as charged of counts II and III. At sentencing, appellant was placed on probation for a period of three years on various terms and conditions. He appeals.
Facts
Appellant is a licensed pharmacist and the sole owner of Pomona Medical Plaza Pharmacy, Inc. (Pomona Medical). Intervalley Health Plan, Inc. (Intervalley) is a health maintenance organization licensed by the Department of Corporations to offer medical care to its members. Subscribers of the health plan contract with Intervalley for medical care for themselves and their dependents (members) in return for a prepaid fee. Intervalley directly contracts with providers of health care services to provide medical services to its members. Intervalley entered into a standard pharmacy services agreement with Pomona Medical. Under this agreement, Intervalley was to compensate Pomona Medical for prescriptions provided to the members of the health plan, based on the cost of the ingredients plus an additional dispensing fee. Generally, members also paid a copayment directly to the pharmacy. In order to receive payment, Pomona Medical was to submit claims to Intervalley for services rendered to its members. Intervalley also entered into an agreement with a pediatric medical group to be a provider for its members.
Between November 1988 and March 1989, Pomona Medical submitted to Intervalley for payment a number of false or fraudulent claim forms that reflected the dispensing of prescriptions to various members of Intervalley’s health plan. The fraudulent claim forms indicated that these prescriptions had been ordered by physicians of the pediatric medical group. These prescriptions were not, however, ordered by any doctor in the pediatric medical group. The prescriptions were not ordered by any physician. The fraudulent claim forms were prepared by appellant.
Discussion
Appellant contends that he was improperly convicted of insurance fraud. He asserts that Insurance Code section 556, subdivision (a) is appli *387 cable only to false or fraudulent claims submitted to an insurance company under a contract of insurance. We note that it is undisputed that Intervalley is not an insurance company, and that its pharmacy services agreement with Pomona Medical is not a contract of insurance.
At the time the offenses were committed in this case, Insurance Code section 556, subdivision (a) provided in pertinent part:
“(a) It is unlawful to: [SI] (1) Knowingly present or cause to be presented any false or fraudulent claim for the payment of a loss, including payment of a loss under a contract of insurance.
“(4) Knowingly prepare, make, or subscribe any writing, with intent to present or use the same, or to allow it to be presented in support of such claim.”
Clear and unambiguous statutory language needs no interpretation. (People v. Weidert (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380].) Prior to its amendment in 1986 (Stats. 1986, ch. 1324, § 1), Insurance Code section 556 was applicable to “any false or fraudulent claim for the payment of a loss under a contract of insurance.” (Stats. 1935, ch. 145, § 556.) Clearly, as originally enacted, section 556 was applicable only to losses under insurance contracts. Just as clearly, since its amendment in 1986, the statute became applicable to all losses, not only losses under an insurance contract.[3] Any other interpretation of the statutory language, particularly in light of its original form and subsequent amendment, would be nonsensical and strained.
The conclusion that the statute is not restricted to losses under a contract of insurance, however, does not resolve the issue concerning the applicability of the statute to the conduct of appellant. Both subdivisions (1) and (4) are applicable by their terms to a “false or fraudulent claim for payment of a loss.” (Italics added.)
The term “loss” is not defined in section 556 nor in any other section of the Insurance Code. Nor has any appellate decision defined “loss” for *388 purposes of this section. In addition, the jury instructions which establish the elements of the charged offenses contain no definition of “loss.” (CALJIC Nos. 15.40 and 15.41.)
The word “loss” is one of common meaning and is defined in Webster’s Seventh New Collegiate Dictionary in the context of insurance as “the amount of an insured’s financial detriment by death or damage that the insurer becomes liable for.” (See Jarrett v. Allstate Ins. Co. (1962) 209 Cal.App.2d 804, 811 [26 Cal.Rptr. 231], defining the word “loss” in its ordinary sense for the purpose of interpreting an insurance policy.) More generally, it is defined as the destruction, damage or deprivation of a person, thing or amount. “It is to be assumed that the Legislature in using the word [“loss”] intended it to have its common meaning . . . .” (People v. Teitelbaum (1958) 163 Cal.App.2d 184, 212 [329 P.2d 157], defining the word “claim” for purposes of section 556.)
In the instant case, we find Insurance Code section 556 inapplicable to appellant’s conduct simply because appellant did not submit a claim to Intervalley on account of a loss. As stated in the facts, Pomona Medical had an agreement with Intervalley, under which Pomona Medical was to provide prescriptions to the members of Intervalley, and Intervalley was to compensate Pomona Medical for this service. It was pursuant to this agreement that appellant submitted claims to Intervalley for payment. The submission of these claims for payment for contractual services rendered cannot possibly be considered a submission of a claim for a loss, as payment for services is not within the common meaning of the term loss.[4]
Disposition
The judgment of conviction (order of probation) is reversed.
Turner, P. J., and Boren, J., concurred.
Appellant’s petition for review by the Supreme Court was denied November 20, 1991.

Insurance Code section 556, subdivision (a)(1), was repealed in 1989 and replaced by Insurance Code section 1871.1, subdivision (a)(1).

Insurance Code section 556, subdivision (a)(4), was repealed in 1989 and replaced by Insurance Code section 1871.1, subdivision (a)(5).

We take judicial notice of the legislative history of the 1986 amendments. (Commodore Home Systems, Inc. v. Superior Court (1982) 32 Cal.3d 211, 218, fn. 9 [185 Cal.Rptr. 270, 649 P.2d 912].) The legislative history suggests that the language was changed in order to protect both insurance companies and citizen victims from false or fraudulent claims. (Undated analysis of Assem. Bill No. 710 by Deputy Attorney General Stan M. Helfman.)

We note that appellant’s clearly culpable conduct need not have gone unpunished. Appellant could have been charged and convicted of a theft or attempted theft offense (Pen. Code, §§ 484 and 487, subd. 1) or obtaining or attempting to obtain money under false pretenses (Pen. Code, § 532).